**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL DEREK BOOS,

      Plaintiff,

v.                                       Case No. 8:23-cv-1208-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

## OPINION AND ORDER[2]

### I. Status

Michael Derek Boos ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a glioma tumor in his right frontal lobe, seizures, headaches with light and noise sensitivity, memory loss, balance loss, blindness in the peripheral vision of the right eye, trouble urinating occasionally, bulging discs in his neck

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed July 27, 2023; Reference Order (Doc. No. 17), entered July 27, 2023.

and back, and severe whiplash. Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed July 27, 2023, at 136, 160, 320, 332. Plaintiff protectively filed an application for SSI on January 8, 2021, alleging a disability onset date of January 5, 2019. Tr. at 281-302.[3] The application was denied initially, Tr. at 135-55, 156, 157, 180-82, and upon reconsideration, Tr. at 160-71, 172, 191-92.

On September 15, 2022, an Administrative Law Judge ("ALJ") held a hearing,[4] during which Plaintiff (represented by counsel), his mother, and a vocational expert ("VE") testified. Tr. at 101-34. On October 6, 2022, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 11-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his representative and additional medical evidence. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 63-100 (medical evidence), 278-80 (request for review), 405-07 (brief). On April 24, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On

---

[3] The application was actually completed on January 4, 2021, Tr. at 281, 302, but the protective filing date is listed elsewhere in the administrative transcript as January 8, 2021, Tr. at 136, 160.

[4] The hearing was held via telephone, with Plaintiff's consent. Tr. at 103, 214-31, 257-58, 273.

- 2 -

May 31, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ: 1) erred at step five in finding Plaintiff can perform work that exists in significant numbers in the national economy; and 2) failed to recognize as a medical opinion statements by consultative examining psychologist Jeremy Zehr, Psy.D. about what Plaintiff can do despite his impairments and failed to analyze the opinion as required.[5] Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 24; "Pl.'s Mem."), filed October 4, 2023, at 1-2, 13-16, 16-20, 20-26. On October 26, 2023, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 28; "Def.'s Mem."). On November 6, 2023, Plaintiff's Reply Brief (Doc. No. 29; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr. Zehr's opinion.[6] On remand, reconsideration of this opinion may impact the

---

[5] Plaintiff frames three issues, but the first two pertain to the ALJ's findings at step five.

[6] Plaintiff seeks a direction that the SSA award benefits, or alternatively, reversal with remand. Pl.'s Mem. at 26. This is not a case in which it would be appropriate to direct an award of benefits.

Administration's consideration of the step five findings. For this reason, the Court need not address Plaintiff's arguments in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart,

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-24. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since January 8, 2021, the application date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: substance abuse; depression; anxiety; glioma of the brain status post-right frontal craniotomy; epilepsy; migraine headaches; [and] obesity." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except [Plaintiff] can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; stand and/or walk about 6 hours and sit about 6 hours in an 8-hour workday, with normal and customary breaks; avoid climbing ladders, ropes, scaffolds, and stairs; can occasionally climb ramps and 3-4 steps; can occasionally balance, stoop, kneel, crouch, and crawl; can frequently reach and handle; avoid concentrated exposure to loud noise and bright lights; avoid even moderate exposure to hazardous, industrial machinery and unprotected heights; and is limited to

>  simple, routine tasks and instructions with only occasional interaction with the general public.

Tr. at 16 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 23 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("36 years old . . . on the date the application was filed"), education ("limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Mailroom Clerk," "Laundry Sorter," and "Merchandise Marker," Tr. at 23-24 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since January 8, 2021, the date the application was filed." Tr. at 24 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of consultative examining psychologist Dr. Zehr. Pl.'s Mem. at 20-26. According to Plaintiff, the ALJ improperly characterized Dr. Zehr's opinion as not actually containing a "medical opinion" as defined in the Regulations. Id. at 23; see Tr. at 22 (ALJ's Decision). "Had the ALJ properly recognized as a medical opinion Dr. Zehr's statements," argues Plaintiff, then the ALJ would have had to at the very least

consider the consistency and supportability factors set forth in the Regulations. Pl.'s Mem. at 23; see also Reply at 4-5. Responding, Defendant argues that the ALJ "properly found that Dr. Zehr's report was neither inherently valuable nor persuasive as opinion evidence." Def.'s Mem. at 22 (citing Tr. at 22).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). Particularly regarding the mental demands of work activities, "medical opinions are about" matters "such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out

instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required

---

[8] Plaintiff filed his application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[9]

At issue here is the August 20, 2021 opinion of Dr. Zehr, a consultative psychologist. After examining Plaintiff and administering the "Wechsler Memory Scale-Fourth Edition (WMS-IV)," Dr. Zehr authored a written report summarizing his findings. Tr. at 820-23. Among other things, Dr. Zehr opined Plaintiff performed in the "Borderline" or "Extremely Low" ranges in all areas of the WMS-IV testing, Tr. at 822, and Plaintiff's "overall memory abilities appear to be in the Extremely Low Range suggesting significant impairment." Tr. at 823. Dr. Zehr indicated Plaintiff "was able to understand" testing directions but that he "quickly fatigued." Tr. at 822. Dr. Zehr also indicated Plaintiff had various recall problems and impaired judgment and insight "due to cognitive issues." Tr. at 822. Dr. Zehr diagnosed an unspecified

---

[9] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

neurocognitive disorder and an unspecified depressive disorder and opined Plaintiff "is not capable of managing his own funds due to cognitive disability." Tr. at 823.

As to Dr. Zehr's report, the ALJ wrote as follows when evaluating the various opinions of record:

> The report of the consulting psychologist, Dr. Zehr, is neither inherently valuable nor persuasive as opinion evidence. Dr. Zehr did not identify, assess, or quantify any functional limitations in terms of [Plaintiff's] ability to perform specific mental-related tasks in a workplace setting. Accordingly, there is no medical opinion to evaluate.

Tr. at 22 (citation omitted). The ALJ erred in addressing Dr. Zehr's opinion. Dr. Zehr in his report provided details on matters "such as understanding; remembering; maintaining concentration, persistence, or pace" and "carrying out instructions," 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2), which qualifies the report as a medical opinion under the Regulations. The ALJ's finding to the contrary was inaccurate. Had the ALJ properly labeled the medical opinion, he would have been required to at least explain how the consistency and supportability factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). But, the ALJ did not provide any such analysis, frustrating judicial review.

The ALJ did, at other points in the Decision, recognize Plaintiff's poor performance on memory testing. Tr. at 15, 21. According to the ALJ, a

- 11 -

"moderate limitation in understanding, remembering, or applying information" accounted for such poor performance. Tr. at 15. However, Plaintiff performed in the first, second, or fifth percentile on all areas of the memory test, and his mental status examination also confirmed significant recall issues. Tr. at 822. It is unclear how this performance translates only to moderate limitations in understanding, remembering, or applying information. Moreover, as the ALJ noted, there are other allegations of and notations of memory issues throughout the record. Tr. at 17, 19 (ALJ discussing evidence). Thus, without a proper evaluation of the supportability and consistency factors, the Court cannot determine whether the ALJ's findings are supported by substantial evidence.[10]

### V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the opinion of Dr. Zehr regarding Plaintiff's mental

---

[10] As for the ALJ's observation that Dr. Zehr did not "quantify any functional limitations in terms of [Plaintiff's] ability to perform specific mental-related tasks in a work-related setting," Tr. at 22, on remand, Dr. Zehr can be asked to be more specific in his findings as to particular work-related tasks if appropriate.

functional limitations;

(B) If appropriate, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 26, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record